# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>BENJAMIN JOHN SYNHA,<br><br>        Defendant. | Case No. 3:22-cr-00064-SLG-KFR |

## ORDER ON MOTION FOR AMENDED JUDGMENT

Before the Court at Docket 70 is Defendant Benjamin John Synha's Motion for Amended Judgment. The Government did not file a response.

## BACKGROUND

On May 24, 2023, after Mr. Synha pled guilty to possessing a firearm as a felon, this Court sentenced Mr. Synha to 24 months' imprisonment "to run concurrent with any sentence imposed in State of Alaska cases 3AN-20-4888CR and 3AN-13-07102CR."[1] After Mr. Synha was sentenced in this Court, he was charged with "minor assault" in a new Alaska case, 3AN-23-04966CR.[2] The state court sentenced Mr. Synha to a total of 52 months and 10 days imprisonment in resolution of all three state criminal cases, with the 10 days attributable to the assault charge and the 52 months attributed to the other two cases referenced in

---

[1] Docket 54 at 1-2.

[2] Docket 70 at 2-3.

the judgment in this federal case.³ Mr. Synha is currently serving the state sentence.⁴ He moves under 18 U.S.C. § 3582(c)(1)(A)(i) for "an amended judgment modifying his sentence to extend the previously ordered concurrent sentence to also run concurrent with his State of Alaska case 3AN-23-04966CR."⁵

## DISCUSSION

### I. Applicable Law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.⁶ If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. To reduce a sentence on the merits, a court must find that "extraordinary and compelling reasons," as set forth in the applicable policy statements issued by the Sentencing Commission, and the applicable factors set forth in 18 U.S.C. § 3553(a) warrant a sentence reduction.⁷

The Sentencing Guidelines include a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of

---

³ Docket 70 at 3.

⁴ Docket 70 at 2-3.

⁵ Docket 70 at 1.

⁶ First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

⁷ 18 U.S.C. § 3582(c).

Case No. 3:22-cr-00064-SLG-KFR, *United States v. Synha*
Order on Motion for Amended Judgment
Page 2 of 5
Case 3:22-cr-00064-SLG-KFR    Document 72    Filed 12/16/24    Page 2 of 5

circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[8]

## II. Exhaustion of Administrative Rights

Under § 3582(c)(1)(A), a court may reduce a term of imprisonment after a "defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[9] Mr. Synha is not currently incarcerated in a federal prison, as he is currently serving the state sentences noted in the criminal judgment. And the Government did not respond to Mr. Synha's motion.[10] Accordingly, the Court will consider the motion on the merits.

## III. Extraordinary and Compelling Reason

Mr. Synha represents that the United States Probation Office has informed him that the Bureau of Prisons has not "started [Mr. Synha's federal] time in light of the municipal case, noted above, and its 10-day sentence, because Mr. Synha's federal judgment does not include a reference to the sentence being concurrent

---

[8] U.S. Sent'g Guidelines Manual § 1B1.13(b)(5) (U.S. Sent'g Comm'n 2023).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] The Ninth Circuit has held that the exhaustion requirement is a mandatory claim-processing rule that "may be forfeited if the party asserting the rule waits too long to raise the point." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (internal quotation marks and citation omitted).

Case No. 3:22-cr-00064-SLG-KFR, *United States v. Synha*
Order on Motion for Amended Judgment
Page 3 of 5
Case 3:22-cr-00064-SLG-KFR   Document 72   Filed 12/16/24   Page 3 of 5

with that sentence as well."[11]  Further, "[p]robation has indicated that BOP informed their office that they must wait until he is released from State custody before they will conduct their federal time computation and thus begin his sentence."[12]  Mr. Synha contends that this true even though "this Court ordered Mr. Synha's sentence here (24 months) to be concurrent with his primary State cases (52 months) and that he will far out-serve his federal time while in State DOC custody."[13]  As such, Mr. Synha contends that, "to avoid a manifest miscarriage of justice and negate the entire effect of the Court's prior concurrency order, the judgment here must be modified to include a reference that the federal court sentence is not only concurrent to State Case Nos. 3AN-20-04888CR and 3AN-13-07102CR, but also concurrent to case 3AN-23-04966CR."[14]

The Court finds that Mr. Synha presents an extraordinary and compelling reason warranting an amended judgment to effectuate the intent of the sentencing court to run Mr. Synha's federal sentence concurrent with his sentences in state court.

### IV. Section 3553(a) Factors

As the Court finds that Mr. Synha has established an extraordinary and

---

[11] Docket 70 at 4.

[12] Docket 70 at 4.

[13] Docket 70 at 4.

[14] Docket 70 at 5-6.

Case No. 3:22-cr-00064-SLG-KFR, *United States v. Synha*
Order on Motion for Amended Judgment
Page 4 of 5
Case 3:22-cr-00064-SLG-KFR   Document 72   Filed 12/16/24   Page 4 of 5

compelling reason for an amended criminal judgment, the Court now considers whether an amendment is appropriate under the 18 U.S.C. § 3553(a) factors.

The Court finds that, in light of the applicable § 3553(a) factors, an amended judgment is warranted. Amending the judgment to run Mr. Synha's additional 10-day state sentence concurrent to his federal sentence does not reduce the federal sentence that the Court intended to impose in this case; to the contrary, it effectuates the intent of the sentencing court in this case. Therefore, as determined by the sentencing court, the sentence in this case promotes respect for the law; affords adequate deterrence; protects the public; and provides just punishment.[15] Such a sentence would appropriately reflect the seriousness of Mr. Synha's offense and his history and characteristics, including the fact that he is serving a state sentence longer than his federal sentence and that the sentencing court in this case intended the state and federal sentences to run concurrent.

## CONCLUSION

The Court **GRANTS** Mr. Synha's Motion for Amended Judgment at Docket 70. The criminal judgment will be amended to include 3AN-23-04966CR as a State of Alaska case to which Mr. Synha's federal sentence will run concurrently.

DATED this 16th day of December, 2024, at Anchorage, Alaska.

                                         */s/ Sharon L. Gleason*
                                         UNITED STATES DISTRICT JUDGE

---

[15] 18 U.S.C. § 3553(a)(1)-(2).

Case No. 3:22-cr-00064-SLG-KFR, *United States v. Synha*
Order on Motion for Amended Judgment
Page 5 of 5
Case 3:22-cr-00064-SLG-KFR   Document 72   Filed 12/16/24   Page 5 of 5